UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND CHARLES
PIERSON,

        Plaintiff,

v.

GEORGE STEPHENSON,

        Defendant.

Case No. 17-11701
Hon. Terrence G. Berg

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Raymond Charles Pierson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings. Dkt. 1. Following a 2012 jury trial in the Washtenaw County Circuit, Petitioner was convicted of first-degree home invasion, felon in possession of firearm, possession of a firearm during the commission of a felony, second offense, and resisting and obstructing a police officer. Dkt. 1 at Pg ID 53. In March, 2012, Petitioner was sen-

tenced as a fourth habitual offender to 10 to 25 years imprisonment on the home invasion conviction, concurrent terms of 1 to 5 years imprisonment on the felon in possession and resisting and obstructing convictions, and a consecutive term of 5 years imprisonment on the felony firearm conviction. *Id.* The Washentnaw Circuit County Court denied Petitioner's subsequent Motion for Relief from Judgment in September 2015. Dkt. 1 at Pg ID 53-71.

In this petition, which was filed on May 30, 2017, Petitioner claims that 1) his trial counsel was ineffective, Dkt. 1 at Pg ID 6, 38; 2) the prosecutor engaged in misconduct, Dkt. 1 at Pg ID 35, 48; and 3) the trial court erred in denying his suppression motion and admitting his police statements. Dkt. 1 at Pg ID 41, 44.

For the reasons set forth below, the Court **DISMISSES** the petition for a writ of habeas corpus without prejudice. The Court also **DENIES** a certificate of appealability and leave to proceed in forma pauperis on appeal.

II. **Analysis**
a) **Petitioner has not established that he has properly exhausted his state court remedies**

A prisoner must first exhaust all state remedies before filing a petition for a writ of habeas corpus under 28 U.S.C. §2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)("[S]tate prisoners must give the state courts one full fair opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The petitioner has the burden of proving exhaustion. *Rust*, 17 F.3d at 160.

For Michigan prisoners, proper exhaustion of state remedies requires presenting both the factual and legal bases for any constitutional claims in state court. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). Petitioners must also raise these claims as federal constitutional issues in the state court proceedings. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) And they must raise them at all levels of the state courts—meaning on appeal to the Michigan Court of Appeals and on subsequent appeal to the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Petitioner is only entitled to habeas relief if he can show the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).

Here, Petitioner had an appeal pending in the Michigan Court of Appeals at the time he filed this petition challenging the state trial court's denial of his motion for relief from judgment for his current conviction. *See People v. Pierson*, No. 332500 (Mich. Ct. App. Aug. 29, 2016) (granting delayed application for leave to appeal as to Issue II of the application);[1] *see also* App. Dkt. Sheet, Mich. Ct. App. No. 332500 (open case awaiting appellate decision as to Issue II).[2]

The Michigan Court of Appeals affirmed the trial court's denial of the motion for relief from judgment. *People v. Pierson*, No. 332500, 2017 WL 4015789 (Mich. Ct. App. Sept 12. 2017). Petitioner now has an application for leave to appeal pending in the Michigan Supreme Court. *See* App. Dkt. Sheet, Mich. Sup. Ct. No. 156720 (open case awaiting decision).

---

[1] Petitioner filed an application for leave to appeal this decision with the Michigan Supreme Court, which was denied. *People v. Pierson*, 892 N.W.2d 360 (Mich. April 4, 2017).

[2] The Court is unclear as to the substance of Issue II. If Issue II is the second issue listed the trial court's opinion denying the motion for relief from judgment, it concerns the trial court's references to the existence and result of the suppression hearing in the jury's presence.

4

Regardless of whether Petitioner's pending appeal for relief from judgment raises the same constitutional claims as this petition, that appellate proceeding may result in the reversal of Petitioner's conviction and moot his constitutional claims presented here. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). A non-prejudicial dismissal of the petition is warranted under such circumstances.

### b) No stay pending the outcome of Petitioner's state court appeal

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition where 1) petitioner had good cause for failing to exhaust his claims in state court; 2) those unexhausted claims were meritorious; and 3) the petitioner did not engage in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Petitioner does not request a stay, nor do his circumstances justify one. Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations for filing federal habeas acts poses a concern, or when the petitioner demonstrates "good cause" for the failure to exhaust state remedies and has not brought meritless claims or engaged in dilatory tactics. *Rhines*, 544 U.S. at 277-78. In *Rhines*, for example, the Court determined a stay of a habeas action was appropriate where outright dismissal close to the end of the one-year statute of limitations period made it unlikely petitioner could exhaust and re-file in time. *Id.* at 275.

The one-year statute of limitations for federal habeas actions, 28 U.S.C. § 2244(d), does not pose a similar concern here. The Michigan Supreme Court denied Petitioner's leave to appeal on direct appeal on May 27, 2014. *People v. Pierson*, 846 N.W.2d 568 (Mich. May 27, 2014). His convictions became final 90 days later, on or about August 25, 2014. S. Ct. R. 13(1); *accord Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (conviction becomes final when "the time for filing a certiorari petition expires"). Petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2).

Petitioner states that he filed his motion for relief from judgment with the state trial court on April 1, 2015. Dkt. 1 at Pg ID 3.

At that point, just over seven months of the one-year period had run. The matter has been pending in the state courts since that time and is still before the Michigan Supreme Court. The limitations period has been, and will continue to be, tolled during the time in which Petitioner's motion for relief from judgment and related appeals are properly filed and pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). Given that nearly five months of the one-year period remains, Petitioner has sufficient time to fully exhaust his state court remedies and return to federal court on a new habeas petition should he wish to do so.

Moreover, while there is no evidence of intentional delay, the Court cannot determine the potential merit of Petitioner's claims and Petitioner neither alleges nor establishes good cause for failing to exhaust all of his issues in the state courts before seeking federal habeas relief. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning the convic-

tions and sentences at issue in this case and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to seek federal habeas relief after the conclusion of his state collateral review proceedings, he must file a new habeas petition **within the time remaining on the one-year limitations period.** The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed

in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**SO ORDERED.**

Dated: January 26, 2018  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 26, 2018.

s/A. Chubb
Case Manager